UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LEWIS P. MCCLUNG, JR.                    CIVIL ACTION NO. 11-263

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

RANDY GAUTREAUX, ET AL.                  MAGISTRATE JUDGE HILL

**MEMORANDUM ORDER**

Before the Court is a Motion for Reconsideration (Record Document 8) filed by Plaintiff Lewis P. McClung, Jr. ("McClung"). McClung moves for a reconsideration of the Notice to Counsel ordering the dismissal of his claims against Defendants Randy Gautreaux, Ken Yurik, and Craig Inman ("the Individual Defendants"). See id. The Notice to Counsel provided:

> Considering the motion to dismiss filed by the individual defendants and the lack of any opposition
> IT IS ORDERED that the claims against the individual defendants be and are hereby DISMISSED.

Record Document 7. In the Motion for Reconsideration, counsel for McClung stated that he did not receive notice of the aforementioned motion to dismiss filed by the Individual Defendants, as the electronic notice of such motion went to his spam account and not his regular inbox. See Record Document 8. Simply put, McClung's counsel did not oppose the motion to dismiss because he was not aware that the motion had been filed. See Record Document 9 at 3.

The Individual Defendants opposed the Motion for Reconsideration. See Record Document 17. They argue that McClung has failed to provide any explanation or argument demonstrating that his allegations are sufficient to state an employment discrimination

and/or a wage claim against the Individual Defendants. See id. They contend that the Motion for Reconsideration "does nothing more than provide an explanation for [McClung's] failure to timely oppose [their] Motion to Dismiss." Id. at 2.

The parties have cited Rule 59(e) as the applicable legal standard. However, the Notice to Counsel (Record Document 7) adjudicated the rights and liabilities of fewer than all the parties and was an interlocutory order. Therefore, the Court finds that Rule 54(b) is the proper procedural vehicle to request reconsideration in this matter. See Brown v. Wichita County, Tex., No. 05-108, 2011 WL 1562567, *2 (N.D.Tex. April 26, 2011). While the exact standard for deciding a Rule 54(b) motion to reconsider is unclear, "whether to grant such a motion rests within the discretion of the court." Id. Moreover, "the district court's discretion in this respect is broad." Id.

A Rule 54(b) motion to reconsider "requires the court to determine whether reconsideration is necessary under the relevant circumstances." Id. While the legal standard for evaluating a motion to reconsider under Rule 54(b) appears to be less exacting than that imposed by Rules 59 and 60, "considerations similar to those under Rules 59 and 60 inform the Court's analysis." Id. Such considerations include whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification. See Valles v. Frazier, No. 08-501, 2009 WL 4639679, *2 (W.D.Tex. Nov. 30, 2009). Yet, because the district court is faced on with an interlocutory order, it is free to reconsider its ruling "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." Brown, 2011 WL 1562567, *2, citing Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir.1990), abrogated on other grounds, Little v. Liquid

Air Corp., 37 F.3d 1069, 1075 n. 14 (5th Cir.1994) (en banc).

Noting its broad discretion under Rule 54(b), the Court finds that the facts and circumstances of this case present sufficient reasons to warrant reconsideration. See Brown, 2011 WL 1562567, *2. Counsel for McClung has offered convincing justification for his failure to oppose the Motion to Dismiss. While the Individual Defendants' statement that McClung has failed to provide argument demonstrating that his allegations are sufficient to state a claim is technically true, McClung should have the opportunity to offer such argument in an opposition brief, not in a motion for reconsideration. The Court will, therefore, grant the Motion for Reconsideration and allow the motion to dismiss to be fully briefed.

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration (Record Document 8) filed by McClung be and is hereby **GRANTED**. McClung's opposition to the Motion to Dismiss (Record Document 5) shall be filed no later than **September 27, 2011**. Any reply by the Individual Defendants shall be filed no later than **October 4, 2011**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of September, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE